RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
4 / 6 / 15 JT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| MONRICO A. JONES (#603868) | DOCKET NO. 14-CV-3360; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIMOTHY KEITH | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Monrico A. Jones filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 3, 2014. He was granted leave to proceed in forma pauperis on December 29, 2014. [Doc. #7] He was ordered to amend his complaint on January 23, 2015. [Doc. #7] Jones is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff complains of a "slip and fall" accident, and he seeks damages for negligence and inadequate medical care.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

On January 23, 2015, Plaintiff was ordered to amend his complaint to allege deliberate indifference to a serious medical need. He was further ordered to state the dates on which he requested medical treatment, the problem he was experiencing that caused him to seek treatment, and whether he was examined and treated each time. He was also instructed to state what injury he

allegedly suffered from the lack of medical care and the name of each person he claims denied him medical care. Plaintiff's amended complaint was due by February 23, 2015. To date, Plaintiff has failed to comply with the Court's order or to request an extension of time within which to comply.

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988). Based on Plaintiff's failure to comply with the Court's order, dismissal under Rule 41 is appropriate.

*Conclusion*

Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of April, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE